IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD FIDGE,

    Plaintiff,

v.

LAKE COUNTY BOARD OF SUPERVISORS ET AL.,

    Defendants.

No. C 10-03953 CRB

**ORDER GRANTING MOTION TO DISMISS**

    Pro se Plaintiff Ronald Fidge lives in Lake County on property owned by his family trust. FAC ¶ 29. He alleges that Defendants – the Lake County Board of Supervisors, Lake County Community Development,[1] Lake County, and Lake County Sheriff[2] – have "systematically and deliberately violated [his] rights and engaged in a well planned and across the board department wide custom and policy to violate [his] rights and give BOTTLE ROCK POWER, LLC authority to function as a government, act as if they are above the law, to pollute the air, water, and roadways, and make false police reports and have them enforced by the courts and the police agencies in Lake County." Id. ¶ 1. He further alleges that

---

[1] According to Defendants, this is merely a department within Lake County and not a legal entity susceptible of being sued. Opp'n at 5. Plaintiff does not rebut this assertion; accordingly, Lake County Community Development is dismissed.

[2] The body of the FAC makes clear that this claim is against the "Sheriffs Department" and not against an individual. See FAC ¶ 30 ("The Sheriffs Department is named because they have failed to honor and uphold my rights to the prescriptive easement I have").

1  BOTTLE ROCK POWER, LLC has spent about $80 million on construction projects
2  "without filing a single permit" or enforcing the "guard at the gate clause" of its Use Permit,
3  "demonstrating the preferential treatment given" it by the County. Id. Plaintiff describes in
4  great detail numerous bad acts taken by Bottle Rock, which either had the blessing of the
5  Defendants (Bottle Rock is not itself a defendant) or from which the Defendants failed to
6  protect him. See, e.g., id. ¶¶ 8-28. Such actions range from improperly installing speed
7  bumps on the road, id. ¶ 8, and installing a metal gate with four padlocks on the road leading
8  to his home, id. ¶ 9, to venting toxic chemicals into the atmosphere, id. ¶ 13, and spilling
9  toxic mud, id. ¶ 38.

Plaintiff filed a First Amended Complaint (FAC) in February 2011. See dckt. no. 27. The FAC includes causes of action for: (1) Violation of Due Process; (2) Breach of Fiduciary Duty; (3) Violation of Plaintiff's "Right to the Essential Use of Land"; (4) Taking Without Just Compensation; and (5) Order Compelling Performance. Id. ¶¶ 31-63. That same month, Defendants moved to dismiss each cause of action based on Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). See dckt. no. 28. The Court makes the following rulings on Defendants' motion.

The FAC's first cause of action, for Violation of Due Process, is dismissed with leave to amend.[3] Plaintiff has no right to a jury trial from Defendants. See Alvarez v. Lake County Bd. of Supervisors, No. 10-1071 NJV, 2010 U.S. Dist. LEXIS 95109, at *32 (N.D. Cal., Sept. 13, 2010) (citing, among other cases, Jackson Water Works, Inc. v. Public Utilities Com'n of State of Cal., 793 F.2d 1090, 1096 (9th Cir. 1986)). Moreover, "to establish a due process violation, a plaintiff must show that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due." Id. Although Plaintiff asserts that he was not provided with "a forum for redress of grievances," FAC ¶ 32, the Court takes judicial notice of two administrative charges Plaintiff filed with the Board of Supervisors,

---

[3] When a plaintiff is pro se, the complaint must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

RFJN Ex. B and C, and of the denial of those administrative charges, RFJN Ex. D and E.[4] Simply based on the existence of these grievance materials, the Court can conclude that Plaintiff received <u>some</u> process. As Plaintiff has not acknowledged these materials, he has also not explained why that process was deficient. Plaintiff's assertion that none of his "emails, letters, and phone calls . . . have resulted in any meaningful enforcement," FAC ¶ 34, is also not sufficient – failing to get a desired result is not the same thing as failing to get process.

The FAC's second cause of action, for Breach of Fiduciary Duty, is dismissed with prejudice. To state a claim for breach of fiduciary duty, a plaintiff must allege (1) the existence of a fiduciary relationship, (2) its breach, and (3) damages proximately caused by that breach. <u>See</u> <u>Pierce v. Lyman</u>, 1 Cal. App. 4th 1093, 1101 (1991). Here, Plaintiff has not alleged a valid source of a fiduciary relationship. <u>Cf.</u> <u>Zelig v. County of Los Angeles</u>, 27 Cal. 4th 1112, 1127 (2002) ("In this and in other jurisdictions, it is well established that public entities generally are not liable for failing to protect individuals against crime."). Moreover, under California Government Code § 815(a), "[e]xcept as otherwise provided by statute . . . A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a). The Legislative Committee Comments to that section reaffirm that the "section abolishes all common law . . . forms of liability for public entities, except for such liability as may be required by the state or federal constitution." As each of the Defendants is a public entity, each is immune from a common law breach of fiduciary duty claim.

The FAC's third cause of action, for Violation of My Right to the Essential Use of Land, is also dismissed with prejudice. The language Plaintiff relies on from <u>Lucas v. South Carolina Coastal Council</u>, 505 U.S. 1003, 1014 (1992) was part of a discussion of eminent domain. Plaintiff cites to no authority interpreting <u>Lucas</u> as having created a new cause of action. This claim also appears indistinguishable from Plaintiff's takings cause of action (his

---

[4] The Court takes judicial notice that these documents exist, as they are public, but does not accept the veracity of the documents or any disputed facts contained in them. See <u>Cactus Corner, LLC v. U.S. Dept. of Agriculture</u>, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004).

3

fourth). See also Alvarez, 2010 U.S. Dist. LEXIS at 35-36 (similarly dismissing "Essential Use of Land" claim).

The FAC's fourth cause of action, Taking Private Property Without Just Compensation, is dismissed with leave to amend. Although Plaintiff asserts in his papers that his is a facial and not an as-applied takings claim, he acknowledged at the motion hearing that he does not know the distinction between the two and appears to be complaining that Bottle Rock's violations of the Use Permit, as applied to his property, are unconstitutional. "To assert an as-applied takings claim, a plaintiff must establish two things: (1) the governmental entity has reached a final decision on the applicability of the regulation to the plaintiff's property; and (2) the plaintiff is unable to receive just compensation from the government." San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1102 (9th Cir. 1998); see also Alvarez, 2010 U.S. Dist. LEXIS 95109 at *37-38 (citing Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 192-95 (1985)) (as-applied challenge "is not ripe until the property owner has received a 'final decision' from the appropriate regulatory entity as to how the challenged law will be applied to the property at issue and further attempted to obtain just compensation for the loss of his or her property through the procedures provided by the state for obtaining such compensation and been denied."). Plaintiff has not alleged that he has received a "final decision," or that he has even attempted to obtain just compensation from Defendants.[5]

Finally the FAC's fifth cause of Action, Request for an Order Compelling Performance, is dismissed with prejudice. Injunctive relief is not an independent cause of action. See Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009).

In addition, the Court dismisses the FAC's request for punitive damages with prejudice, as public entities are not liable for punitive damages. See Cal. Gov. Code § 818.

---

[5] Plaintiff asserts that the manager of Bottle Rock "offered to fund the cost of moving me to a new location to compensate me for the potential health problems I would have to suffer from . . . but later he withdrew the offer." FAC ¶ 57. This is not a denial of just compensation by the state.

4

For the foregoing reasons, the Court GRANTS the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[6] Plaintiff may amend his <u>procedural due process</u> and <u>takings</u> claims, if he wishes, but he must do so <u>within thirty days</u> of this Order. Failure to file an amended complaint within that time could lead to dismissal of the case in its entirety.

**IT IS SO ORDERED.**

Dated: April 11, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[6] The Court denies Defendants' motion under Federal Rule of Civil Procedure 12(b)(7) at this time, although it will consider further argument that Bottle Rock Power is an indispensable party at a later point, if necessary. Defendants' alternative motion for a more definite statement under Federal Rule of Civil Procedure 12(e) and its objections to evidence are denied as moot.