IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FIDGE,<br><br>    Plaintiff,<br><br>v.<br><br>LAKE COUNTY BOARD OF SUPERVISORS ET AL.,<br><br>    Defendants. | No. C 10-03953 CRB<br><br>**ORDER DISMISSING CASE** |

    Pro se Plaintiff Ronald Fidge filed a First Amended Complaint in February 2011 alleging that Defendants – the Lake County Board of Supervisors, Lake County Community Development, Lake County, and Lake County Sheriff – had "systematically and deliberately violated [his] rights and engaged in a well planned and across the board department wide custom and policy to violate [his] rights and give BOTTLE ROCK POWER, LLC authority to function as a government, act as if they are above the law, to pollute the air, water, and roadways, and make false police reports and have them enforced by the courts and the police agencies in Lake County." FAC (dkt. 27) ¶ 1. On April 11, 2011, this Court granted Defendants' Motion to Dismiss, stating that Plaintiff was permitted to amend his procedural due process and takings claims, if he wished, but that "he must do so within thirty days of this Order." See Order (dkt. 42) at 5 (emphasis in original). The Court warned that "[f]ailure

to file an amended complaint within that time could lead to dismissal of the case in its entirety." Id.  Plaintiff sought to appeal the Court's Order, see Notice of Appeal (dkt. 45), but the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction, see Order of USCA (dkt. 52).  The Mandate issued on July 26, 2011.  See Mandate of USCA (dkt. 53).

Plaintiff has failed to amend his Complaint.  Defendants have now moved for dismissal, arguing that Plaintiff's failure to amend justifies dismissal under Federal Rule of Civil Procedure 41(b) and Yourish v. California Amplifier, 191 F.3d 983 (9th Cir. 1999) (explaining that "when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim."). See generally MTD (dkt. 57).  Plaintiff has now also failed to oppose Defendants' Motion.

The Court finds the present Motion suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b) and so VACATES the hearing currently set for June 22, 2012.  Because Plaintiff has both failed to comply with the Court's order as to amendment and failed to prosecute the case in response to Defendants' Motion, the Court GRANTS Defendants' Motion on both grounds and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: June 12, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE